UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRYAN HEUTIMIO MOLINA CONTRERAS,

        Petitioner,

v.                                        Case No.  2:26-cv-1452-JES-NPM

WARDEN, FLORIDA SOFT SIDE SOUTH, et al.,

        Respondents.

_____/

## OPINION AND ORDER

Before the Court are Petitioner Brayan Heutimio Molina Contrera's petition for writ of habeas corpus (Doc. 1) and the government's response (Doc. 16).  For the reasons below, the Court grants the petition to the extent set forth in this Order.

### I.   Background

Contreras is a 25-year-old citizen of Venezuela.  (Doc. 1). He entered the United States in September of 2022 and was granted parole.  (Id. at 4).  He has a pending application for asylum. (Id.)  Contreras has no criminal history.  (Id. at 5).  He has a valid work authorization.  (Id.)  He has complied with all Immigration and Customs Enforcement (ICE) check-ins.  (Id.).  On April 14, 2026, Contreras was taken into ICE custody at one such check in.  (Id.)

Respondents acknowledge that, the Eleventh Circuit's May 6, 2026 decision in <u>Hernandez Alvarez</u>, establishes Contrera's right to an individualized bond hearing.  (Doc. 6 at 1).[1]  The Court will thus order Respondents to either release Contreras or bring him before an immigration judge within seven days for a merit-based § 1226 bond hearing where the government must show that he is a flight risk or danger to the community.[2]  To satisfy this Order, the hearing must include—and the resulting order must reflect— consideration of all evidence properly submitted by the petitioner and the factors announced in <u>In re Guerra</u>, 24 I. & N. Dec. 37 (BIA 2006), and Contreras' counsel must receive at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.

---

[1] Respondents argue that Contrera did not exhaust his request a bond hearing.  (<u>Id.</u>)  In <u>Patel v. Hardin</u>, No. 2:25-cv-870-JES-NPM (M.D. Fla. Dec. 1, 2025), Respondents argued that the Court lacks jurisdiction to consider this petition and that the petitioner has not properly exhausted his administrative remedies. The Court rejected those arguments in <u>Patel</u> and in scores of other recent cases presenting the same issues.  <u>See, e.g.</u>, <u>Cetino v. Hardin</u>, No. 2:25-cv-1037-JES-DNF (M.D. Fla. Dec. 12, 2025); <u>Reyes Rodriguez v. Florida Southside Facility</u>, No. 2:25-cv-1012-JES-DNF (M.D. Fla. Dec. 15, 2025). In those cases, the Court was satisfied of its jurisdiction and determined that exhaustion was excused because it would be futile.  The Court's reasoning on these issues also applies here.

[2] Respondents request "a reasonable period of seven days to arrange an individualized bond hearing."  (Doc. 16 at 6).

2

The Court is aware that the Executive Office for Immigration Review ("EOIR") is the agency that schedules bond hearings. In other cases, Respondents have claimed they cannot direct the EOIR when to conduct a bond hearing. Regardless, subjecting Contreras to detention without a bond hearing is unlawful. If Respondents are unable to ensure that Contreras timely receives the meaningful and thorough bond hearing to which he is entitled under § 1226(a), they must release him.

Accordingly, it is **ORDERED**:

1. Brayan Heutimio Molina Contreras' Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2. Within **SEVEN (7) DAYS** Respondents shall either provide Contreras with the statutory process required under § 1226—which includes a merit-based bond hearing—or release him under reasonable conditions of supervision.[3]

---

[3] In recent cases in the Middle District of Florida—and despite being ordered to do so—the immigration judge has refused to provide a merit-based bond hearing, determining that he had no discretion to issue a bond. See, e.g., Fernandez Alvarez v. Noem, et al., No. 2:26-cv-313-SPC-DNF (M.D. Fla. Mar. 4, 2026); Nahadian Fard v. Bondi, et al., No. 6:26-cv-157-GAP-RMN, Doc. 23 (M.D. Fla. Feb. 12, 2026). If the immigration judge in this case reaches the same conclusion or otherwise declines to consider bond, Petitioner must be released.

3

3.    If Respondents release Contreras, they shall facilitate his transportation from the detention facility by notifying his counsel or family of when and where he may be collected.

4.    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 13, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

4